# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY R. SCHOLLMEYER,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv−0407−NJR |
| **OFFICER LIND, JOHN DOE 1, MADISON COUNTY SHERIFF'S DEPARTMENT, and ILLINOIS DEPARTMENT OF CORRECTIONS,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Larry R. Schollmeyer, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that he sustained during his arrest. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

On or about January 18, 2017, Plaintiff was enjoying a drink alone at Doc's Bar and Grill in Cottage Hills, Illinois. (Doc. 1, p. 5). After finishing his drink, Plaintiff left the bar to walk to his residence. *Id.* He fell, and an unknown woman attempted to help him get up. *Id.* Just then, Officer Lind and an unknown Bethalto police officer arrived and confronted Plaintiff. *Id.* They told Plaintiff he was under arrest. *Id.* They then slammed him to the ground, stepping on his shoulder, arm, and hand. *Id.* Plaintiff alleges that he posed no threat at the time. *Id.* During this incident, Plaintiff suffered three breaks in his hand and arm, as well as a dislocated shoulder. *Id.*

Plaintiff was then detained at the Madison County Jail, where he was not given any medical treatment for 72 hours. (Doc. 1, p. 6). Plaintiff alleges that the Illinois Department of Corrections has only taken him to an outside doctor twice. *Id.*

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

**Count 1 –** Lind and John Doe 1 used excessive force while arresting Plaintiff on January 18, 2017, in violation of the Eighth Amendment;

**Count 2 –** The Madison County Sheriff's Department was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when Plaintiff's injuries were allowed to go three days without any treatment.

**Count 3 –** The Illinois Department of Corrections was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they only referred him to an outside specialist twice.

Plaintiff has not clearly alleged what his status was at the time of the relevant incident. Although claims brought pursuant to Section 1983 involving detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)); *see also Forrest v. Prine*, 620 F.3d 739 (7th Cir. 2010). In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline," but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

As to **Count 1**, claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a court will consider the facts and circumstances of the case, the severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest. *See Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 843 (7th Cir. 2004). Here, Plaintiff has alleged that he was not a threat at the time of his arrest, but despite this, the officers threw him to the ground and stepped on his arm, breaking it in three places and dislocating his shoulder. At this stage, this is sufficient to make a claim for excessive force.

Turning to **Count 2**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Although Plaintiff's allegations are bare bones, he has alleged that he suffered from a broken arm and a dislocated shoulder. That is a plausible allegation that Plaintiff suffered from a serious medical need. Additionally, Plaintiff has alleged that after being placed in the Madison County Jail, he received no medical treatment for his injuries for three days. If that is true, Plaintiff has plausibly alleged that he suffered from deliberate indifference, and his claim will be allowed to proceed.

But **Count 3** will be dismissed at this time without prejudice. As an initial matter, the Illinois Department of Corrections is not a proper defendant. Plaintiff cannot maintain his suit against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh

Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

And even if the Department of Corrections was a proper defendant, Plaintiff has still failed to state a claim. Plaintiff's sole allegation is that he was referred to an outside provider twice. That allegation standing alone does not make Plaintiff's claim of deliberate indifference plausible. Plaintiff has not described what his condition was at the time he entered the Department of Corrections; it is not completely clear to the Court that the medical need in this claim is even identical to the one at issue in **Count 2**. It is also not clear why referral to an outside specialist would tend to show that the Department inferred that Plaintiff was at risk of serious harm and then refused to act on that inference. Referral to an outside specialist implies some treatment, and in the absence of further allegations, it is not plausible that the treatment Plaintiff received amounted to deliberate indifference. Defendant Illinois Department of Corrections is **DISMISSED with prejudice** as immune from suit. **Count 3** is otherwise **DISMISSED without prejudice** for failure to state a claim.

## Administrative Order 188

Pursuant to Administrative Order 188, cases in this district may be reassigned from time to time to maintain the balance in the division of cases among the judges in this district. Specifically, Senior Judge J. Phil Gilbert has recused himself from all participation in any cases in which the State of Illinois or any of its agencies and employees (in their official capacities) is a party. As Defendant Illinois Department of Corrections is dismissed from this action with prejudice as a party immune from suit, and because no other State of Illinois Defendants remain at this time, this case is **TRANSFERRED** to Judge Gilbert for all further proceedings.

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. Defendant Illinois Department of Corrections is **DISMISSED with prejudice** as being immune from suit. **Count 3** is otherwise **DISMISSED without prejudice** for failure to state a claim. This case is **TRANSFERRED** to Senior Judge J. Phil Gilbert for all further proceedings.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Lind and Madison County Sheriff's Department: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on John Doe 1 until such time as Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for John Doe 1.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 24, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**